IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-40045-SMY |
| | ) |
| JEFFREY CREEK, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

On September 9, 2022, Defendant Jeffrey Creek was charged with being a felon in possession of a firearm (Doc. 1). The Government moved to detain Creek on the basis that he poses a danger to the community (Doc. 5).

Creek appeared for a detention hearing before Magistrate Judge Reona J. Daly on September 15, 2022 and was detained (Docs. 14, 15). He now moves for a *de novo* review of the detention order pursuant to 18 U.S.C. § 3145(b) (Doc. 24), which the Government opposes (Doc. 26). For the following reasons, the motion is **DENIED**.

Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." Pursuant to § 3145(b), the district court conducts a *de novo* review and need not defer to the magistrate's findings. *See United States v. Portes,* 786 F.2d 758, 761 (7th Cir. 1985). The district court's review of the magistrate judge's decision may be conducted either by reviewing the transcript of the testimony heard by the magistrate judge or by holding a new hearing. *United States v. Torres,* 929 F.2d 291, 292 (7th Cir. 1991). The Court finds that a hearing is unnecessary in this matter.

Under the Bail Reform Act of 1984, a defendant shall not be detained pretrial unless a condition or combination of conditions will not reasonably assure (1) the defendant's appearance as required and (2) the safety of any other person and the community. 18 U.S.C. § 3142(e); *see United States v. Portes,* 786 F.2d 758, 765 (7th Cir.1985). The Government has the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir. 1985). In determining whether the Government has carried its burden, the court shall consider: (1) the nature and circumstances of the offense (including whether the offense is a crime of violence or involves narcotics); (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant (including family and community ties, employment, financial resources, past conduct, criminal history, whether person was on parole or probation at time of offense); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Creek asserts that the Government failed to establish that he poses a danger to the community. Based on its independent review of the record, the Court finds that the relevant factors weigh in favor of detention. Creek is charged with being a felon in possession of a firearm. His current charge stems from a search conducted pursuant to an anticipatory search warrant of Creek's residence which uncovered numerous firearms, firearm ammunition, explosives, and explosives materials.

Creek has a lengthy and substantial criminal history including previous convictions involving firearms and drug trafficking offenses. His pattern of conduct involving dangerous weapons weighs heavily in favor of detention. Additionally, Creek has a long history of substance abuse and continues to abuse controlled substances. His criminal and substance abuse history

coupled with the nature of the charged offense leads this Court to conclude that he poses a danger to the community.

Upon careful review of the record, the Court finds that the Government has met its burden of proving that the Defendant is a danger to the community. Accordingly, the Order of Detention (Doc. 15) previously entered in this case remains in full force and effect.

**IT IS SO ORDERED.**

**DATED: November 10, 2022**

**STACI M. YANDLE**
**United States District Judge**