**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 22-cr-40045-SMY |
| | ) |
| JEFFREY E. CREEK, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, Chief District Judge:**

On May 4, 2023, Defendant Jeffrey E. Creek was sentenced to 96 months' imprisonment after pleading guilty to being a felon in possession of a firearm (Docs. 40, 47). Creek is currently housed at Marion FCI in Marion, IL, and his projected release date is June 2, 2028.  Now pending before the Court is Creek's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A) (Doc. 58).

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1).  Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  U.S.S.G. § 1B1.13(b).  Defendants moving for

compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Creek requests compassionate release asserting that: (1) he completed RDAP drug treatment; (2) he has been in programming continuously while in BOP custody in order to better himself; and (3) recent decisions pertaining to non-violent felons with firearms.

Creek has not presented extraordinary and compelling reasons justifying his early release. Although a prisoner's rehabilitation, coupled with other factors, can support extraordinary and compelling reasons for compassionate release, "rehabilitation alone cannot serve as a basis for early release under § 3582(c)(1)(A)." *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022). Further, the supposed invalidity of a conviction or non-retroactive changes in the law that would have made a defendant's sentence shorter had the change applied at his sentencing are not extraordinary and compelling reasons for a sentence reduction. *See Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026); *Rutherford v. United States*, 146 S. Ct. 1320, 1330-31 (2026). These circumstances may, however, be considered in determining the extent of a reduction where other extraordinary and compelling reasons exist. The Court finds no additional extraordinary and compelling reasons to grant Creek's requested relief.

For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A) (Doc. 58) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 20, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**